[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Mary Lou Vernes, was the owner of property located at 143-145 Hillside Avenue located in Milford, Connecticut on October 1, 1991. After reducing the value of the property in 1992, the Board of Tax Review of the City of Milford valued her property as follows:
100% Market Value $287,900.00 CT Page 314
70% Assessed Value $201,530.00
The plaintiff was aggrieved by the decision of the Board of Tax Review and appealed its decision to this court pursuant to General Statutes Section 12-117a. At the trial in this matter, Marc Nadeau, the plaintiff's expert witness, testified to the fair market value of the property as of October 1, 1991 as follows:
100% Market Value $212,000.00
70% Assessed Value $148,400.00
The difference between the City of Milford's 100% value and the plaintiff's 100% value is $75,900.00 and the difference between the 70% assessed values is $53,130.00. The plaintiff claims the assessment placed on her property was grossly excessive and illegal.
This case is unusual as the other companion case assessments were appealed on the Grand List as of October 1, 1991. This appeal is from the Grand List of 1993 and succeeding tax years. Any relief from the assessment is confined to the 1993 Grand List and succeeding tax years only.
The city utilized a professional appraiser utilizing the same value for all surrounding lots with the exception of the lot frontage on the water. Using the comparable sales method, the plaintiff's appraiser testified that he could find no lot of comparable size. In this case, the dwelling consists of a two family house.
The court finds that the dwelling has a fair market value of $285,000.00. The court bases this deduction of $2,900.00 on the fact that the dwelling is only 2,400 square feet and if we assume that the two-family house has equal dimensions, that would reduce each unit to 1,200 square feet. However, the property is in average condition and could utilize a rental income.
Additionally, a $10,000.00 reduction is required because of the indiscriminate value placed on the property by the defendant's professional appraiser. Therefore, the total value of the land and improvements is $275,000.00. A seventy percent net reduction of taxes is $192,500.00. Costs and interest may enter from the date of assessment of October 1, 1993. The city may use its discretion in reducing future taxes for payment. CT Page 315
Philip E. Mancini, Jr. State Trial Referee